## Milano Construction Co. v. Frye, Inc.

*Thomas E. Doyle*, for plaintiff.

*English, Gilson, Baker & Bowler*, for defendant.

EVANS, P. J., July 23, 1955.—This matter is before us on exceptions to written interrogatories filed under R. C. P. 4003 (*a*). Specifically plaintiff seeks the right to conduct an oral crossexamination in New York City, where the interrogatories have been directed and also seeks an order of court allowing reasonable expenses to his counsel under R. C. P. 4008.

This rule provides that if a deposition is to be taken under rule 4003 or 4007 by oral examination more than 100 miles from the courthouse, the court upon petition shall grant an order imposing such limitations, including provisions for the payment of expenses and counsel fees as the court shall deem proper. Under this rule the court has wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses.

In the complaint it is averred that defendant owes plaintiff $5,665.17, the balance unpaid on total in-

voices for an excavation job totaling $61,460.81. From the pleadings we find there are three concerns similar in name and operated by the same people. All payments on account were made by this defendant, R. T. Frye, Inc. The summons in assumpsit was served on this defendant through the Secretary of the Commonwealth. Defendant avers that this defendant is not registered in Harrisburg, but that R. T. Frye and Company, Inc., another corporation, is so registered. Defendant also avers that the company with whom plaintiff did business is neither of these corporations, but in fact a partnership consisting of R. T. Frye and E. Stockhausen and known as the Frye Company. These three concerns are located at the same address in New York City.

Under such circumstances, which are in our opinion at least unusual and confusing, plaintiff is entitled to a very thorough examination of records and an oral crossexamination. Its extent will depend upon what develops through inquiry and discovery with respect to the way these concerns did business so as to mislead or tend to mislead plaintiff in the matter for which default is now claimed.

We, therefore, feel that it is proper for us to allow plaintiff the minimum reasonable expenses for his counsel in an amount which is hereinafter designated by our order.

And now, to wit, July 23, 1955, it is ordered and decreed that the direct interrogatories filed on behalf of defendant be answered before William M. Budnick, 4011 149th Street, Flushing, Queens, New York, at a time to be mutually agreed upon by the parties or by an order of this court if necessary, and that plaintiff have the right of oral crossexamination at said time and place, and that defendant prior to the time to be fixed pay to plaintiff as reasonable expenses to his counsel the sum of $100.